UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN RANDAZZO,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE FARM BANK, F.S.B.,<br><br>        Defendant. | Case No.: 1:18-cv-9639<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227 et. seq.]<br>2. NEW YORK GENERAL BUSINESS LAW [NY CLS GEN. BUS. § 349, et. seq.]<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Steven Randazzo ("Plaintiff"), through his attorneys, alleges the following against Defendant, State Farm Bank, F.S.B., ("Defendant" or "State Farm"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon New York General Business Law § 349, et. seq. ("NYGBL"). The NYGBL provides that no business shall engage

in deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq.

4. Venue in this district is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Mamaroneck, Westchester County, New York.

7. Defendant is a Creditor engaged in the business of loan servicing with its principal place of business located at One State Farm Plaza, Bloomington, IL 61710.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant was attempting to collect an alleged debt from Plaintiff.

10. In or around January 2017, Defendant began placing calls to Plaintiff's cellular phone number (XXX) XXX-9267, in an attempt to collect an alleged debt.

11. The calls mainly originated from the following number: (888) 634-0012. Upon information and belief, this number is owned or operated by Defendant.

12. On or about January 6, 2017 at 3:29 p.m. Plaintiff answered a call from Defendant, on his cellular telephone, originating from (888) 634-0012; Plaintiff spoke with a Representative.

13. Defendant informed Plaintiff that it was attempting to collect a debt.

14. During that call, Plaintiff heard a pause before the representative began to speak indicating the use of an Automated Telephone Dialing System.

15. During the call with Defendant, Plaintiff unequivocally revoked consent to be contacted.

16. Between January 5 and March 22, 2017, Plaintiff was called approximately eighty-five (85) times after having unequivocally revoked consent to be contacted on his cellular phone.

17. Defendant would frequently contact Plaintiff's cellular phone three times in a single day.

18. The FCC noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." 2003 TCPA Order, 18 FCC Rcd at 14091, para. 131.

19. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." Id.

20. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." Id. at 14091-92, paras. 132-33.

21. Defendant placed calls to Plaintiff in a manner to predict the times he was available to answer his phone, indicating the use of a predictive dialer.

22. Defendant is familiar with the TCPA.

23. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

24. Defendant's conduct as described above was intended to harass, annoy, coerce, and intimidate Plaintiff into paying the alleged debt, increasing the amount Plaintiff was willing to pay, or causing Plaintiff to make a small payment that would restart the statute of limitations.

25. Specifically, Plaintiff reasonably believed that Defendant would never stop calling him because Defendant lead Plaintiff to believe that he could only stop the collection calls by settling his debt with Defendant.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

27. Plaintiff, at the time, was employed at a car dealer, as a sales parts manager, and utilized his cellular phone when on the job.

28. Due to Defendant's incessant calls, Plaintiff had received complaints related to phone calls from Defendant while in business meetings or when on the phone with clients.

29. Defendant's phone calls had routinely interrupted Plaintiff while utilizing his cellular phone for both his work and personal line; at times Plaintiff would have to switch the call and lose potential clients.

30. Defendant's conduct induced stress, anxiety, and embarrassment in his place of work.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice —

>  to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.
>
> b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

33. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violations of the NYGBL, § 349, et. seq.)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The NYGBL provides that no business shall engage in "deceptive acts or practices in the conduct of any business…" NY CLS GEN. BUS. § 349(a).

36. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full

amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by NY CLS GEN. BUS. § 349(h).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Steven Randazzo, respectfully requests judgment be entered against Defendant, State Farm Bank, for the following:

A. Actual damages pursuant to 47 U.S.C. § 227(b)(3)(B); or

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B); and/or

C. Punitive damages pursuant to 47 U.S.C. § 227(b)(3)(C);

D. Attorneys' fees and costs available under NY CLS GEN. BUS. § 349(h).

E. Any pre-judgment and post-judgment interest as may be allowed under the law; and

F. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

Dated: October 19, 2018　　**PRICE LAW GROUP, APC**

By:*/s/ Steven A. Alpert*
Steven A. Alpert (SBN. SA3150)
Price Law Group, APC
86 Hudson Street
Hoboken, NJ 07030
T: (818) 907-2030
E: alpert@pricelawgroup.com
*Attorneys for Plaintiff,*
*Steven Randazzo*